UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMIT SPORER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>GERMAN KITCHEN CENTER LLC, and MAYAN METZLER, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

CARMIT SPORER ("Plaintiff"), on behalf of herself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against GERMAN KITCHEN CENTER LLC ("GKC"), and MAYAN METZLER, individually (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (ii) the minimum wage provisions of the New York Labor Law ("NYLL") § 652(1), New York Codes, Rules and Regulations ("NYCRR") tit. 12, § 142-2.1; (iii) the tools of the trade provision of the FLSA, 29 C.F.R. § 531.35; (iv) the NYLL's requirement that employers pay commissions in accordance with the terms and conditions of employment, NYLL § 191-c; (v) the tools of the trade provision of the NYLL, NYCRR § 146-2.7(c); (vi) the NYLL's requirement that employers furnish employees with wage

1

statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a kitchen designer from September 2017 through July 1, 2023, in Defendants' showroom located in New York, New York. As described below, following the pandemic, Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA, as Defendants failed to compensate Plaintiff at the statutorily required minimum rate of pay for the hours that Plaintiff worked.

3. Defendants also required Plaintiff to incur expenses for travel to project locations, including bus and subway transportation, that resulted in Plaintiff making less than minimum wage during weeks that she did not receive any commission.

4. Defendants' pay practice also violated the NYLL as Defendants: (1) failed to pay Plaintiff the minimum hourly wage rate prescribed by law; (2) failed to pay Plaintiff her commissions in accordance with the terms and conditions of her employment; (3) failed to pay Plaintiff expenses that were tools of the trade resulting in Plaintiff being paid less than minimum wage; and (4) failed to furnish Plaintiff with a wage statement on each payday that accurately stated the hours that Plaintiff worked each week.

5. Defendants' failure to pay minimum wage and commission was not limited to Plaintiff, but also extended to all of Defendants' kitchen designers.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other similarly situated kitchen designers during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings her claims under New York law on behalf of herself and any FLSA Plaintiff, as that term is defined below,

who opts into this action.

7.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.    At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.    At all relevant times herein, GKC was and is a New York corporation with its principal place of business located at 450 7th Avenue, Suite 1408, New York, New York 10123.

12.    At all relevant times herein, Defendant Metzler was and is GKC's Chief Executive Officer and owner. In this role, Defendant Metzler oversaw GKC's operations, paid its employees, and had the power to hire and fire and approve all personnel decisions with respect to all of GKC's employees, including all kitchen designers. In fact, Defendant Metzler hired Plaintiff, was responsible for paying Plaintiff, and maintained Plaintiff's employment records.

13.    At all relevant times herein, GKC was and is an "employer" within the meaning of

the FLSA and NYLL. Additionally, GKC's qualifying annual business exceeded and exceeds $500,000.00, and GKC was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and buys and sells materials, supplies, kitchen cabinets and other items in the course of its business, which originate in states other than New York, as well as accepts credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## **COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as on behalf of those in the following collective:

> Current and former kitchen designers, who at any time during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for minimum wage compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid the required minimum wage for all hours worked; and (5) were not reimbursed for tools of the trade.

16. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to or greater than the statutory minimum wage and reimburse employees for expenses that were tools of the trade, yet they purposefully and willfully chose and choose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive

4

practice of willfully refusing to pay their employees minimum wage for all hours worked and reimbursing their employees for expenses that were tools of the trade, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, as well as on behalf of all those who are similarly situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former kitchen designers, who during the applicable NYLL limitations period, performed any work for Defendants, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

21. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

22. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual

5

members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating the Rule 23 Plaintiffs; (3) whether Defendants failed to pay the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (4) whether Defendants failed to pay the Rule 23 Plaintiffs their commission in accordance with the terms and conditions of their employment; (5) whether Defendants failed to reimburse the Rule 23 Plaintiffs their expenses that were tools of the trade; (6) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (7) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as kitchen designers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants routinely: failed and fail to pay them at least the minimum wage rate for all hours worked; failed and fail to pay them their commission in accordance with the terms and conditions of employment; failed and fail to reimburse them with expenses incurred that were tools of the trade; and failed and fail to provide them with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the

same statutory rights under the NYLL to be paid at least the statutory minimum wage rate for all hours worked, to be paid their commission in accordance with the terms and conditions of employment, to be reimbursed for expenses that were tools of the trade, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

24.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff at least at the minimum wage for all hours that Plaintiff worked each week, did not pay Plaintiff commission in accordance with the terms and conditions of Plaintiff's employment, did not reimburse Plaintiff with expenses that were tools of the trade, and did not furnish Plaintiff with an accurate wage statement on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for her testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any kitchen designer who worked for Defendants in New York for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

29. GKC is a limited liability company that owns and operates multiple showrooms in New York, where it offers kitchen design services and cabinet sales to its customers, including the showroom that was located at 191 Amsterdam Ave, New York.

30. Defendants employed Plaintiff as a kitchen designer from in or around September 2017 until July 1, 2023.

31. As a kitchen designer, Plaintiff was responsible for assisting customers with their kitchen projects and making sales on items for the kitchen projects, including cabinets and appliances.

32. From September 2017 until the pandemic in March 2020, Plaintiff routinely worked in Defendants' showroom on a full-time basis, five days per week, from 9:00 a.m. until 5:00 p.m.

33. As a result of the pandemic, Defendants switched Plaintiff to a hybrid schedule.

34. From March 2020 until July 1, 2023, Defendants required Plaintiff to work three days in the showroom, commencing her work each day at approximately 10:00 a.m. and working

until approximately 4:00 p.m., and two days remotely, commencing her work each day at approximately 9:00 a.m. and working until approximately 5:00 p.m. Therefore, from March 2020 until July 1, 2023, Plaintiff worked thirty-four hours per week.

35. For her work from March 2020 until July 1, 2023, Defendants stopped paying Plaintiff any hourly rate and began paying her only by commission. Plaintiff received commission approximately one week per month but sometimes never received any wages for the entire month. As a result, for the numerous weeks that Ms. Sporer did not receive commission, the Company failed to pay her at *any* rate for the hours that she worked. Therefore, during this period, Defendants failed to pay Plaintiff minimum wage under the FLSA and the NYLL for all hours worked.

36. During this period, Plaintiff was required to travel to and from the showroom to jobsites to assist with projects by performing certain tasks such as taking measurements. As a result of these trips, Plaintiff incurred expenses that were necessary for her to carry out her assigned duties, such as bus and subway fare that she paid out of pocket without reimbursement. These expenses brought Plaintiff even further below the minimum wage during weeks that she did not receive commission.

37. Also during this period, Plaintiff completed two projects for which Defendants failed to pay her the commission that she earned, the John Ghaly and John Sands projects. Thus, Defendants willfully failed to pay Plaintiff commission that she earned in accordance with the terms and conditions of her employment in violation of the NYLL.

38. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's actual hours worked for that week. Based on Defendants' failure to provide wage statements and a wage notice that listed Plaintiff's hours and pay rate, Plaintiff was not provided with knowledge of her rights with respect to her

pay. This lack of information impaired Plaintiff's ability to contest Defendants' unlawful wage practice with respect to her pay.

39. Therefore, not only was Plaintiff not paid what she was owed for her entire employment, which was below the statutory minimum age, Defendants' lack of proper wage statements served to keep Plaintiff uninformed so that she did not have proper information to contest the lack of proper wages.

40. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

41. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the FLSA*

43. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 206(a) requires employers to compensate each of their employees at a minimum wage for each hour worked.

45. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are employees within the meaning of the FLSA.

46. As also described above, Defendants failed to compensate Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in accordance with the FLSA's minimum wage provisions.

47. Defendants willfully violated the FLSA.

48.     Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

49.     Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

50.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.     NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

52.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

53.     As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, at the minimum hourly rate of pay for all hours worked in accordance with the NYLL's and the NYCRR's minimum wage provisions.

54.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to pay at the minimum wage rate for all hours worked each week.

55.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Tools of the Trade Violation Under the FLSA*

56. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. An employer violates the FLSA if it requires an employee to purchase tools of the trade which will be used in or are specifically required for the performance of the employer's particular work and the cost of such tools cuts into the minimum wages required to be paid to the employee.

58. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are employees within the meaning of the FLSA.

59. As also described above, Defendants failed to reimburse Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for expenses incurred to carry out her work in violation of the FLSA's tools of the trade and minimum wage provisions.

60. Defendants willfully violated the FLSA.

61. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are entitled to reimbursement of the costs incurred as a result of Defendants' violations of the FLSA's tools of the trade provisions.

62. Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's tools of the trade provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Sales Commission in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 191-c requires employers to pay all earned commissions on a timely basis, to be paid within five business days after termination.

65. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

66. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiff who opts into this action, in accordance with the agreed terms of employment by failing to pay their sales commission on a timely basis.

67. As a result of Defendants' failure to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, all of their earned commission, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to all unpaid commission, liquidated damages, interest, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Tools of the Trade Violation Under the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYCRR § 142-2.10 requires that if an employee must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

71. As also described above, Defendants failed to reimburse Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiff who opts into this action, for expenses necessary to carry out their employment that resulted in their wages being below minimum wage.

72. As a result of Defendants' failure to reimburse Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, for expenses necessary to carry out their employment, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to reimbursement of all expenses necessary to carry out their employment, liquidated damages, interest, and attorneys' fees.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

73. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

75. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

76. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**DEMAND FOR A JURY TRIAL**

77. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages

paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

  i. Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

  j. Prejudgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
    October 25, 2024

                Respectfully submitted,

                Stevenson Marino LLP
                *Attorneys for Plaintiff*
                445 Hamilton Avenue, Suite 1500
                White Plains, New York 10601
                (212) 939-7229

        By: _____
            Jeffrey R. Maguire